# 𝔚𝔶𝔱𝔥𝔢𝔳𝔦𝔩𝔩𝔢.

PRESTON V̇. ASTON'S ADM'R AND ALS.

July 26th, 1888.

1. CHANCĖRY PRACTICE—*Creditors' Suit—Parties—Assignors—Subsequent Alienees.*—In creditors' suit, assignor *with recourse* of obligation, whereon is founded a judgment sought to be enforced, and subsequent alienees of land sought to be subjected, are proper parties. *J. R. & K. Co.* v. *Littlejohn*, 18 Gratt. 83.

2. IDEM—*Pleadings—Rejection.*—A plea, that is only another mode of asserting an objection to the bill, that has already been asserted by an overruled demurrer, should be rejected.

3. IDEM—*Hearing together—Renting—Sale—Case at Bar.*—Five suits pending by creditors to enforce liens on judgment debtor's lands. No account taken, but on proof of sufficiency of rents to pay the liens in five years, decree in each suit to rent entered, but not executed. Creditor, with lien older than those asserted in those suits, brings his bill reciting these facts, charging sale of the lands to be necessary, and praying for convening all the lien-holders, for account of liens and lands, for hearing the suits together, for annulling the decrees to rent, and for sale of the land. Decree accordingly.

HELD:

No error.

Appeal from decree of circuit court of Washington county, entered January 21st, 1885, in the creditors' suit of W. B. Aston, administrator of A. W. Aston, deceased, against H. S. Preston, S. N. Honaker, and the Bank of Abingdon, and in five other suits by separate judgment creditors of said Preston against said Preston, which were heard together. The decree being adverse to said Preston, he obtained an appeal to this court. Opinion states the case.

*John C. Summers,* and *D. F. Bailey,* for the appellant.

*Fulkerson & Page,* and *White & Buchanan,* for the appellees.

RICHARDSON, J., delivered the opinion of the court.

In the year 1884 Wm. B. Aston, administrator of A. W. Aston, deceased, who sued for himself and such other lien creditors of H. S. Preston as might come in and contribute to the costs of suit, filed his bill in the circuit court of Washington county against said H. S. Preston, the Bank of Abingdon, and S. N. Honaker, to enforce the lien of certain judgments in favor of the plaintiff against said Preston on certain real estate then held by him, and also on certain other real estate owned at the time of the rendition of said judgments, and aliened subsequent thereto.

The bill alleges that on the 25th of June, 1877, judgment was confessed in the clerk's office of the circuit court of Washington county by H. S. Preston in favor of the plaintiff for the sum of $878.55, with interest thereon from the 23d of June, 1877, till paid, and the costs, $6.45; that upon said judgment Preston paid the plaintiff the sum of $200 on the 2d of August, 1881, and $353.45 on the 7th of January, 1882; that said judgment was docketed on the 26th of June, 1877, in the clerk's office of the county court of said county, and that the same is unpaid, except as to the credits aforesaid. And the bill further alleges that on the 20th day of March, 1879, another judgment was confessed in the clerk's office of said circuit court by said Preston in favor of S. N. Honaker for the benefit of the plaintiff for the sum of $608.74, with interest on $395.93, part thereof, from the 13th of April, 1878, till paid, and on $212.81, the residue, from the 8th of February, 1879, till paid, and the costs, $6.25; that upon said last-named judgment said Preston paid $95 on the 16th of April, 1878; which said judgment was duly docketed on the 20th of March, 1879, and remains unpaid, ex-

cept as to the credit last above named.    And the bill exhibits copies of said judgments, with credits endorsed thereon as aforesaid.

The bill charges that said judgments are subsisting liens on all the real estate owned at and after the rendition thereof; that said Preston has no personal estate out of which said judgments can be made, but that he is the owner of a house and lot, on Main street in the town of Abingdon, wherein he resides; of a tract or parcel of land, near Abingdon, containing eight and a half acres, and that he was, at the time of the rendition of said judgments, the owner of a lot with brick buildings thereon, situated on the corner of Main and Church streets in said town, which the said Preston and wife, on the 7th of July, 1881, sold and conveyed to the Bank of Abingdon.    And the bill charges that said judgments are valid liens on all said lands.

The bill further charges that there are other suits pending in said court against said Preston, to subject his real estate, either by renting or sale, to the satisfaction of certain judgments named therein, respectively, all of which are subsequent to the plaintiff's said first-mentioned judgment, but some of which are prior and some subsequent to the plaintiff's said second-named judgment; and that an account should be taken, and said previously pending causes be heard together with this cause, in order to ascertain the rights of all parties.    And the prayer of the bill is, that H. S. Preston, the Bank of Abingdon, and S. N. Honaker be made parties defendant, and required to answer the bill on oath; that if the real estate of said Preston be not correctly set out in the bill, that he properly describe the same and state where it is situated; that an account of all liens upon the real estate of said Preston be taken, showing the rights of all parties; that such real estate, or so much thereof as may be necessary, be sold to satisfy said liens, including that sold and conveyed by said Preston and wife as aforesaid, and for general relief.

The previously pending suits spoken of in the bill in this case

are these: (1) *Daniel Musser* v. *H. S. Preston, &c.;* (2) *Daniel Trigg, Trustee,* v. *same;* (3) *W. B. Aston, Adm'r,* v. *same;* (4) *C. T. Price* v. *same;* (5) *P. A. Krise* v. *same.*

At the October term, 1884, H. S. Preston filed a suggestion that two separate suits were pending in said court to enforce the judgments sought to be enforced in this suit, and requiring the plaintiff to elect which of said suits he would prosecute. And at the same term the defendants, H. S. Preston and the Bank of Abingdon, filed their demurrer to the plaintiff's bill; and also at same term H. S. Preston filed a special plea in writing, and also his answer to the plaintiff's bill. And at a later day of the same term said prior suits were brought on to be heard together with this cause, when a decree was entered in this language: "In the last-named cause" (the present suit) "a suggestion was filed at this term of the court requiring the complainant to elect which of two suits mentioned therein he would prosecute, and upon an examination of the papers, it appearing to the court that the object of the two suits mentioned is to enforce different judgment liens, the motion requiring the plaintiff to elect is overruled; and thereupon defendants, H. S. Preston and Bank of Abingdon, filed their demurrer to the bill of complaint, and the court, upon consideration thereof, is of opinion that said demurrer is not well taken, and doth overrule the same; and thereupon the defendant, H. S Preston, filed his plea, to which plea counsel for plaintiff objected, and the court, upon consideration thereof, sustained the objection; and thereupon defendant, H. S. Preston, filed his answer, to which the plaintiff replied generally.

" And the last-named cause came on to be heard upon the bill and exhibits thereto, the answer of defendant, H. S. Preston, and general replication thereto, and was argued by counsel. And it appearing to the court that process has been served upon the defendants, and the cause regularly matured and set for hearing, and the defendant, the Bank of Abingdon, failing to answer, and defendant, S. N. Honaker, failing to appear and answer, the

bill is taken for confessed as to them. And it further appearing to the court that the object of these suits severally is to enforce liens against the real estate of defendant, H. S. Preston, it is therefore ordered that they be heard together that conflicting decrees therein may be avoided. And these causes coming on to be heard together upon the papers formerly read, were argued by counsel. On consideration whereof, the further execution of the orders of renting entered in these causes is suspended until further order, so that the amounts and priorities of the several liens can be ascertained and conflicting leases avoided.

"And it is further ordered that L. T. Cosby, one of the commissioners of the court, do proceed to take an account of the several judgments asserted in these several causes, showing therein which of said judgments, if any, have been taken up by and become the property of the defendant, H. S. Preston; what payments, if any, have been made upon the several decrees for renting, heretofore entered in said causes; and the said commissioner will show the several judgments in said causes asserted, still due and unpaid, their amounts and priorities, showing what is principal and what is interest.

"The said commissioner will further ascertain the real estate of defendant, H. S. Preston, subject to the liens reported and the rental value thereof, and whether any part thereof is now leased and held by a tenant under any of the decrees for renting heretofore entered in these causes, and if so, what part is so leased and for what amount of time. The commissioner shall give notice of the time and place at which he will perform his duties, under this decree, to the parties interested, and report his proceedings as herein required, together with any other matter specially stated, deemed pertinent by himself or required by any party. And the several commissioners heretofore ordered to rent, under the several decrees in these causes, will each report whether or not he has executed the decree appointing him, and if so, in what manner. And all other questions are reserved, including the question raised by defendant, H. S. Pres-

ton's answer, as to the costs incurred by the bringing of a greater number of suits than was necessary for enforcing these liens, and the causes are continued."

The account ordered was taken and returned, and was filed in these causes December 12th, 1884. The total amount of liens reported by the commissioner amounted, as of January 7th, 1885, to $3,461.21⅔. The real estate of H. S. Preston, reported as subject to the judgment liens reported, is the same as that mentioned in the bill, with the addition of a tract of four hundred acres, more or less, on Walden's creek in Lee county, Virginia, upon which there is a trust lien in favor of the Bank of Abingdon for $5,000, of date January 5th, 1876. He reports the rental value of this tract at $250 per year; and the rental value of the house on Main street, the residence of H. S. Preston, the commissioner estimates at $175 per year, and that of the eight and one-half acre parcel of land, near Abingdon, at $75 per year. He also reports that none of said property is leased or held by a tenant under any of the decrees entered in these causes.

The defendant, H. S. Preston, took the following exceptions to the said commissioner's report:

I. "Commissioner fails to report what is interest and principal as directed by the decree."

II. "Error in calculation in 1st, 3d and 5th judgments."

III. "The Krise judgment should be credited with $75 paid Hon. D. Trigg, attorney for Krise."

The causes came on to be again heard on the 21st day of January, 1885, when the following decree was entered:

"These causes came on this day to be heard upon the papers formerly read, the report of L. T. Cosby, commissioner, filed December 12th, 1884, the exceptions thereto, and were argued by counsel. On consideration whereof, the court is of opinion that said exceptions are not well taken, and doth overrule the same and hereby confirms said report; and doth further order

that the several decrees for renting passed in these several causes
be set aside.  And it further appearing to the court that the
real estate of defendant, H. S. Preston, will not rent for a suffi-
cient sum in five years to discharge his indebtedness, as ascer-
tained by said report of December 12th, 1884, it is therefore
adjudged, ordered and decreed that unless said H. S. Preston,
or some one for him, come forward within sixty days from date
of this decree and pay off said indebtedness and the unpaid
costs of these suits, then Milton White, Jr, and M. H. Hon-
aker, who are hereby appointed commissioners for. the purpose,
after advertising for four weeks, by a notice posted at the front
door of the courthouse, the time, terms and place of sale, shall .
proceed to sell at public outcry on some court day in front of
the courthouse, to the highest bidder, the eight and one-half
acre tract of land adjoining the lands of R. Ella Findley, and
the house and lot on Main street, in Abingdon, if necessary to
pay the judgments, interest and costs, as mentioned in said
report of December 12th, 1884, and the unpaid costs of these
suits and sale, with the privilege to said Preston to designate to
said commissioners the order in which said property shall be
sold ; and if there are any other parcels of property which were
not brought to the attention of. Commissioner Cosby, and which
are not reported as has been suggested by defendant's counsel,
with the additional privilege to said H. S. Preston to bring them
to the notice of the commissioners to sell, but said last mentioned
privilege must be exercised before notice for sale.   Said commis-
sioners shall make said sales upon the following terms: Cash in
hand sufficient to pay the unpaid costs of these suits and sale,
and the balance upon a credit of six, twelve and eighteen
months, the purchaser being required to execute bonds for
deferred payments, bearing interest from day of sale, with good
personal security.   Said commissioners shall report their action
to court.   Said commissioners, before making sale under this
decree, shall execute a bond in the penalty of $7,000, condi-
tioned as the law directs.   And these causes are continued."

From this decree the defendants, H. S. Preston and the Bank of Abingdon, obtained an appeal and writ of *supersedeas.*

1st. The first assignment of error is as to the action of the court below in overruling the demurrer of the defendants, H. S. Preston and the Bank of Abingdon, to the plaintiff's bill. The objection taken by demurrer was not well founded. It is that S. N. Honaker and the Bank of Abingdon were improperly joined as parties defendant in said bill. As to S. N. Honaker, it need only be said that he was the assignor of the obligation upon which one of the judgments sought to be enforced by the plaintiff's bill is founded. He was, therefore, an interested party, for if, after due diligence on the part of the assignee, the plaintiff, the debt be not made out of the judgment debtor, H. S. Preston, then the assignee aforesaid has recourse upon the assignor, Honaker, who is, therefore, not only a proper, but a necessary party. See 1st Bart. Chy. Pr. 163, and authorities cited.

As to the Bank of Abingdon, it was the alienee of certain real estate of which the defendant, H. S. Preston, was seized and possessed at the date of the judgments sought to be enforced by the plaintiff's bill, and subsequently sold and conveyed to it by said H. S. Preston and wife; so it was obviously a proper and necessary party. *Ib.*

2d. In the second place, the court is of opinion that the circuit court did not err in rejecting the plea of the defendant, H. S. Preston, which "avers that there was a division of the debts due the firms of which S. N. Honaker and A. W. Aston were the members; that the debts set out in the bill were assigned in said division to Wm. B. Aston, administrator; that this division and assignment were completed after the judgments were obtained, and that said judgments were and are secure and collectible from defendant" (H. S. Preston), "and that S. N. Honaker is not, nor has been, liable to said Wm. B. Aston, administrator, for said debts or any part thereof," &c.

The plea itself is not fairly intelligible. It would seem to be,

if anything, but another mode of asserting the objection raised by the demurrer, that S. N. Honaker was improperly joined as a defendant in plaintiff's bill. It states nothing either directly or remotely responsive to anything alleged in the bill, and asserts nothing pertinent or material, and was therefore properly rejected.

3d. It only remains to consider the question, did the court below err in its decree of January 21st, 1885? We are clearly of opinion that it did not.

At the time of the institution of the present suit there existed an anomalous state of things as respected the attitude of certain lien creditors towards their debtor, H. S. Preston. These creditors, five in number, had brought, and there were pending, as many suits in equity for the enforcement of their liens, respectively, against the real estate of said Preston. No account had been ordered and taken, but upon proof that the real estate of the debtor would in five years rent for enough to discharge said liens, separate decrees had been rendered in each for the renting of said real estate for the satisfaction thereof. It is difficult to conceive how these several decrees could be executed without conflict, confusion, delay and unnecessary expense. None of them had been executed, and it would seem that it was not probable that they, or either of them, were likely to be in any reasonable time.

In this state of things the present suit was instituted for the enforcement of two judgment liens as before stated, both of which were prior to all the liens asserted in the prior suits, except one or two. The plaintiff in this suit was plaintiff in one of said prior suits, but the judgments asserted as liens in the two suits were separate and distinct, and were recovered in different rights.

In his bill in this suit the complainant set forth substantially the facts as above stated, alleged that there was a necessity for a sale of the debtor's real estate, or so much thereof as might be necessary to discharge the liens thereon, asked that all the

lien creditors of said Preston be convened; that an account be taken as before stated; that said prior suits be heard with this suit, and for general relief.

The defendant (Preston) answered, admitting the state of things set out in complainant's bill, but insisting that he had already been put to heavy costs by reason of the large number of suits brought against him; that there was no necessity for further convening his lien creditors, and that complainant had no right to convene all his lien creditors, as those junior to complainant evinced no desire to enforce their liens. In other words, the objection is that this is a creditors' suit against a living man, and cannot be maintained. The objection is not well taken.

In 1st Bart. Chy. Pr. 176, we find it said: "It is declared to be a well settled principle, according to the practice of the United States courts, that where it appears on the face of the bill that there will be a deficiency in the fund, and that there are other creditors or legatees who are entitled to a ratable distribution with the complainants, and who have a common interest with them, such creditors or legatees should be made parties to the bill, or the suit should be brought by the complainants in behalf of themselves and all others standing in a similar situation; and it should be so stated in the bill;" citing *Railroad Co.* v. *Orr*, 18 Wall. 474; *Egberts* v. *Wood*, 3d Paige, 517; *Mitchell* v. *Lenox*, Id. 280; and *Baldwin* v. *Lawrence*, 2d Simons & Stuart, 18; *Tilson* v. *Davis' Adm'r*, 32 Gratt. 92. "The general rule," says the author, "does not, however, confine this proceeding to cases in which there will be a deficiency in the fund; but in every case of legatees, or of creditors of a deceased debtor, or of lien creditors of a living man, one or more creditors may maintain a suit in behalf of themselves and all the other creditors, and a decree will be made for the benefit of them all. The other creditors may come in under the decree, and prove their debts before a master commissioner, to whom the cause is referred, and may obtain satisfaction of their demands

equally with the plaintiffs in the suit. Under such circum-
stances they are treated as parties;" citing *Simmons* v. *Lyles*
27 Gratt. 928, and *Dickinson* v. *Railroad Co.*, 7 W. Va. 390.

The authorities cited seem to fully sustain the proposition
that a creditors' bill may be maintained by one or more lien
creditors in behalf of themselves and others similarly situated
against a living man. Indeed, we see no valid reason to the
contrary, while for obvious reasons it is often best for both
debtor and creditor that such should be the mode of procedure,
especially as it necessitates an account of the liens in force,
enables the creditors of every class, as well as bidders generally,
to act or bid advisedly at the sale, and greatly tends to secure
the best possible price for the debtor's property.

In the present case it was absolutely necessary to have a sale
of at least a portion of the debtor's real estate to satisfy the
judgment liens asserted in complainant's bill, which were prior
and superior to all the liens asserted in the prior suits, with one
exception, and, to effect this, the decrees which had been sever-
ally rendered in said prior suits for renting had to be controlled
or gotten rid of. Hence, upon the case made by the bill and
answer, the circuit court, by its decree of October 23d, 1884,
suspended the execution of the decrees in said prior suits until
the further order of the court; directed an account, not of all the
liens upon the debtor's real estate, but only of the liens asserted
in said prior suits and in this suit, and directed its commissioner
to report, among other things, whether any of the decrees in
said prior suits had been executed, and if so, to what extent,
and also to report the rental value of said land.

When the report came in, it appeared that neither of said
decrees had been executed, and further that the debtor's real
estate would not in five years rent for enough to discharge the
liens aforesaid, of which an account was ordered.

When the several causes came on to be heard together, on the
21st of January, 1885, the circuit court not only treating the
bill in this suit as an ordinary bill for relief, but doubtless treat-

ing it also as a petition to rehear the several decrees for renting which had been rendered in said prior suits, respectively, which were interlocutory decrees, then, under the exigencies which had arisen, entered a decree annulling and setting aside said decrees for renting, and directing a sale of so much of the debtor's real estate as was deemed necessary to satisfy the liens asserted in these several suits.

We are clearly of opinion that justice alike to creditors and debtor called for and authorized the action taken by the circuit court, and that in so decreeing it committed no error. For these reasons the decree appealed from was eminently proper, and must be affirmed with costs to the appellee; which is ordered to be certified to said circuit court of Washington county.

DECREE AFFIRMED.